IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,               CR. NO. S-05-0365 FCD

    vs.                         <u>ORDER</u>

JAMES D. BURKE,

    Defendants.
_____/

        Defendant Burke has requested the court to authorize the service of twenty-nine subpoenas, requesting potentially voluminous documents from 1999 to present. The depositions are primarily directed to financial institutions located throughout the country. Burke also requests that specific persons, or the generally named custodian of records, personally appear with the records in Judge Mueller's court on October 16, 2009 at 2:00 pm.[1] There is no doubt that an appearance by all those subpoenaed would be an expensive proposition.

        In support of the myriad subpoena requests Burke describes the case against him only very generally, and simply, tersely concludes that the sought documents are necessary to his case. The indictment filed September 8, 2005 alleges in part:

---

[1] While there may be provisions for a simple mailing of certified records, no such instructions are given in the subpoenas.

1

> Beginning at a time unknown to the grand jury, but not later than October 1999, and continuing through approximately November 2, 2002.... the defendant James Burke, and others.... devised and intended to devise a scheme and artifice to defraud creditors and the bankruptcy trustee, by concealing, and transferring to himself, and others, TAW's [the alleged bankrupt entity] cash, real estate, and other assets valued at more than $7 million, and for purposes of executing and concealing such a scheme and artifice...filed a Chapter 11 bankruptcy petition to impede TAW's creditors from taking action against TAW to collect their debts, filed false documents and made false misrepresentations in connection with the bankruptcy....

Trial confirmation is set for September 28, 2009, and trial is presently set for November 3, 2009.

Burke also states:

> The requested subpoenas, with the exception of the subpoena for the United States Trustee's Office, are identical to the subpoenas issued earlier by the United States Attorneys's Office in this matter eliminating much of the effort in the gathering process of the custodians.

Despite the mandatory wording of Fed. R. Crim. P. 17, the issuance of trial subpoenas is not a mandatory act, but is rather governed by a good cause standard. "Rule 17(c) implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor. California v. Trombetta, 467 U.S. 479, 485, 104 S. Ct. 2528, 2532 (1984)." In re Martin Marietta Corp., 856 F.2d 619, 621 (4th Cir. 1988). The guidelines for issuing and enforcing Rule 17(c) are set forth in United States v. Nixon, 418 U.S. 683, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). The burden for showing good cause for production prior to trial is on the party seeking production. This burden may be met by showing the following:

> (1) that the documents are evidentiary and relevant; (2) *that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence*; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; (4) *that the application is made in good faith and is not intended as a general "fishing expedition."*

418 U.S. at 699-700 (fn. omitted) (emphasis added). The Nixon Court further provided that "against this background, [the party seeking production], in order to carry his burden, must clear three hurdles: (1) relevance; (2) admissibility; (3) specificity." Id., at 700.

1    Significantly, "Rule 17(c) was not intended to provide an additional means of
2 discovery. Its chief innovation was to expedite the trial by providing a time and place *before* trial
3 for the inspection of the subpoenaed materials." Bowman Dairy Co. v. United States, 341 U.S.
4 214, 220, 715 S. Ct. 675 (original emphasis). "Rule 17(c) is not intended 'to provide an
5 additional means of discovery beyond that provided in Rule 16.' This is because a 'Rule 17(c)
6 subpoena reaches only evidentiary materials' – not all discoverable materials.' However, '[a]ny
7 document or other materials, admissible as evidence . . . is subject to subpoena' under Rule
8 17(c). [On the other hand], Rule 16, which governs discovery in criminal cases, does not define
9 the outer limits of materials available under a 17(c) subpoena, nor how wide the Rule 17(c) door
10 will open. Indeed, documents and materials possessed by the government but not discoverable
11 under Rule 16 can be reached by a Rule 17(c) subpoena, so long as the documents and materials
12 are evidentiary." United States v. Arditti, 955 F.2d 331, 346 (5th Cir. 1992), Goldberg, J.
13 concurring (original emphasis). Accord, United States v. George, 883 F.2d 1407, 1418 (9th Cir.
14 1989).

15    Accordingly, the critical distinction between the court's determination of criminal
16 discovery requests generally and pretrial subpoenas pursuant to Rule 17(c) is found within the
17 narrower contours of the latter's evidentiary requirements.[2]

18    However, "[t]hat is not to say that the materials thus subpoenaed must actually be
19 used in evidence. It is only required that a good faith effort be made to obtain evidence."
20 Bowman, 341 U.S. at 219-220, emphasis added. Accord, In re Martin Marietta Corp., supra, 856
21 F.2d at 622; United States v. Arditti, supra, 955 F.2d at 347, conc. opn. ("[a] party does not have

---

[2] Thus, for example, the Supreme Court in United States v. R. Enterprises, Inc., 498 U.S. 292, 111 S. Ct. 722 (1991), drawing a distinction between grand jury subpoenas and pretrial subpoenas, held that only the latter are subject to the standards announced in Nixon. "The function of the grand jury is to inquire into all information that might possibly bear on its investigation ... A grand jury subpoena is thus much different from a subpoena issued in the context of a prospective criminal trial, where a specific offense has been identified and a particular defendant charged." 498 U.S. at 297.

3

to use all material subpoenaed under 17(c) in evidence to satisfy this test"). Some flexibility in application is therefore required. "[T]he plain words of the Rule are not to be ignored. They must be given their ordinary meaning to carry out the purpose of establishing a more liberal policy for the production, inspection and use of materials at the trial." Bowman, 341 U.S. at 220-221.[3]

Finally, in determining what requests seek evidentiary information as opposed to mere discovery information, the court will not place metaphysical obstacles in the way of enforcing a subpoena. The court does not expect the subpoenaing party to be able to describe with absolute preciseness that which it does not have but is attempting to seek. On the other hand, unless the request is designed to seek materials that possess by their very description a likelihood that they could be used in evidence at trial, the court will find that the party seeking production is simply engaging in discovery.

The undersigned will not quibble with the specificity of the requests. The requests seek to obtain all records relating to specified individuals, specified entities or specified transactions. The requested documents could be identified. However, the undersigned has no idea concerning the relevance of *all or any* of the requested documents in the omnibus records request, nor their potential admissibility. Indeed, the time period requested for records far exceeds the relevant time period in the indictment. Counsel for Burke does not attempt to elucidate on the matter – at all.

---

[3] It is to be expected that defendants will engage in some evaluative process before determining which documents to seek to admit at trial. The Bowman Court noted with approval the comments of a member of the Advisory Committee, Federal Rules of Criminal Procedure, that Rule 17(c) permits the inspection of materials in advance of trial "so that they may then be inspected in advance, for the purpose of course of enabling the party to see whether he can use it or whether he wants to use it." Bowman, 341 U.S. at 220, n. 5. This purpose was underscored by the Court in Nixon, which also noted a recommendation set forth in the Manual for Complex and Multidistrict Litigation, published by the Federal Judicial Center, that "Rule 17(c) be encouraged in complex criminal cases in order that each party may be compelled to produce its documentary evidence well in advance of trial and in advance of the time it is to be offered." Nixon, 418 U.S. at 699, n. 11.

1    Moreover, simply because the United States has obtained the same documents for
2 the most part does not mean that such are relevant or admissible.  The means by which the
3 government can obtain documents throughout the course of an investigation, e.g. grand jury
4 subpoenas, or even pre-trial, e.g., search warrants, are not constrained by Rule 17.
5    Finally, it makes little sense for an entire set of documents to be re-collected, at
6 some effort,[4] if those same documents exist here in this district.
7    Burke's Rule 17 "all documents" request for the issuance of 28 subpoenas
8 (excluding the subpoena to the United States Trustee) is denied for lack of showing of relevance
9 and admissibility, without prejudice to efforts to obtain such documentation through the United
10 States' Attorney's Office.  The parties may wish to refer to Fed. R. Crim. P. 16 (a)(1)(e).  If the
11 matter need be placed on calendar, it may be at the parties' discretion, albeit an issue will
12 certainly be the 2009 eleventh hour nature of Burke's attempt to obtain any requested
13 information in this 2005 case.
14    The subpoena issued to the United States Trustee is denied for lack of showing of
15 relevance and admissibility.  There may indeed be relevant or admissible evidence in the
16 probable, ceiling-high stack of documents possessed by the Trustee's Office concerning this
17 matter, but Rule 17 does not permit a subpoena for the "whole stack," including probable
18 privileged documents.

19 DATED: September 16, 2009               /s/ Gregory G. Hollows

20                                        UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
21 burke.subp

---

[4] Burke's counsel may or may not be correct in his predictions concerning the ease in which entities may re-create their production. Such depends on what records were maintained of the previous search for records and the dates on which the search took place.